Curia, per

Earle, J.
The defendant is indicted under the A. A. 1817, (p. 25,) for unlawfully trading with a slave. There are two counts in the indictment; one for buying from the slave a bushel of corn, the other, for selling him five quarts of rum. It was one transaction, and the Solicitor has only varied the statement so as to adapt the charge to the proof - he was likely to make. He might prove that Frank had obtained the rum without being able to shew that he had exchanged the corn for it; or else, that he did exchange a bushel of corn for the rum ; so that only one offence was committed, and that was under the Act of 1817.
It is supposed that the second count is framed under sec. 3, of the A. A. 1834, (p. 12.) That Act relates only to cases where a distiller, vendor, or retailer of spirituous liquors, sells, exchanges, gives, or otherwise delivers liquor to a slave. Now, it is true, in common parlance, that any one who sells an article is a vendor; but the Act was obviously intended only to embrace open and habitual vendors and licensed retailers ; and the words, vendors and retailers, are used to designate that class of persons. Why the Legislature, in the case of a sale; or exchange of liquor to or with a slave, by the class of persons which would come within the provisions of the Act of 1817, against the unlawful dealing or trading with a slave, should have reduced the maximum of imprison- *105 blent from twelve to six months, and of the fine from $1000,. to $100, it would require more sagacity than I possess to discover. It would certainly be as criminal and as mischievous in Andrew Priester, being a distiller, or licensed retailer, to give a slave a jug of rum for a bushel of corn, as it would be in a worthy citizen, pursuing neither of these respectable occupations, to give a slave 12 1-2 cents for a dozen of eggs, or a pair of shoes for a dozen chickens. Yet, the distiller, oí retailer, as a proof, I suppose, of the high estimation in which his useful calling is held, can be made to suffer only one half of the imprisonment and to pay one tenth of the fine which the rigour of the Act of 1817 imposes on his less respéctable neighbour. Andrew Priester, however, has not been indicted as a vendor, or retailer, and, to his misfortune, there was no proof of his being either, within' the meaning of the Act of 1834, as we construe its terms. There is, therefore, no mis-joinder, as has been supposed, of inconsistent charges, nor indeed of two distinct offences with different penalties. Even that, however, is allowable according to the strictest rules of criminal pleading; but care must be taken to have the verdict framed so as to secure the several counts.
Hutson and Colcock Sf Hutson for the motion; Edwards Solicitor, contra.
Motion dismissed;
the whole court concurring.